UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MYRIAM ZAYAS,<br><br>        Plaintiff,<br><br>   v.<br><br>NATALIE GREEN, in her official and individual capacity,<br><br>        Defendant. | CASE NO. 24-cv-624<br><br>ORDER |

## 1. INTRODUCTION

Pro se plaintiff Myriam Zayas was granted leave to proceed in forma pauperis on May 10, 2024. Dkt. No. 4. United States Magistrate Judge Kate Vaughan recommended review of Zayas's complaint under 28 U.S.C. § 1915(e)(2)(B). *Id.* A summons has not yet been issued. *See* Dkt. On May 23, 2024, Zayas filed an amended complaint. Dkt. No. 6. The Court reviews this matter under 28 U.S.C. § 1915(e)(2)(b) and orders Plaintiff to show cause why her case should not be dismissed.

ORDER TO SHOW CAUSE- 1

## 2. BACKGROUND

Zayas alleges that Defendant Natalie Green, "Secretary of CPS," illegally removed Zayas's children from her custody on more than one occasion. Dkt. No. 6 at 2-4. She claims that Green did not have "probable cause, legal court orders, [and that] she misapplied the juvenile offender code on [her] infants." *Id.* She claims that the "sole but-for-reason that" her children were removed is because she "do[es] not have brown eyes, [is] not married, and [is] Caucasian." *Id.*

Zayas also alleges that her parental rights cannot be terminated unless she signs a dependency order, and she alleges that she has signed no such order. *Id.* She alleges that infants are not juveniles and therefore not subject to RCW 13.34. *Id.*

## 3. ANALYSIS

"Courts have a duty to construe pro se pleadings liberally, including pro se motions as well as complaints." *Bernhardt v. Los Angeles Cnty.*, 339 F.3d 920, 925 (9th Cir. 2003). But under 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss any portion of a civil complaint filed in forma pauperis that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief.

First, Zayas has not adequately alleged a violation of the First Amendment that can be enforced under Section 1983. Section 1983 claims based on a First Amendment violation are generally framed as retaliation claims, requiring a plaintiff to "plausibly allege that (1) [s]he was engaged in a constitutionally protected activity, (2) the defendant's actions would chill a person of ordinary firmness from continuing to engage in the protected activity and (3) the protected

ORDER TO SHOW CAUSE- 2

activity was a substantial or motivating factor in the defendant's conduct." *Capp v. Cnty. of San Diego*, 940 F.3d 1046, 1053 (9th Cir. 2019) (citation omitted). "To ultimately prevail on such a claim, a plaintiff must establish a causal connection between the government defendant's retaliatory animus and the plaintiff's subsequent injury." *Id.* (citation omitted). Zayas fails to identify what conduct allegedly violates her First Amendment rights.

Zayas has also failed to adequately allege a violation of the Fourteenth Amendment that can be enforced under Section 1983. Zayas seems to generally allege that "Defendants agents removed [her] child without probable cause." Dkt. No. 6 at 9. As the Court explained in an order to show cause in a related case, "[i]t violates the Fourteenth Amendment to remove a child from a parent's custody unless the removal is either authorized by court order (i.e., a warrant) or is (1) supported by 'reasonable cause to believe that the child is in imminent danger of serious bodily injury' and (2) the scope of the intrusion does not extend beyond what is 'reasonably necessary to avert that specific injury.'" *Mabe v. San Bernardino Cnty., Dep't of Pub. Soc. Servs.*, 237 F.3d 1101, 1106 (9th Cir. 2001) (citation omitted)." *Zayas v. City of Issaquah*, No. 2:24-CV-625, 2024 WL 2302571, at *1 (W.D. Wash. May 21, 2024).

Again, Zayas does not argue the absence of a court order. Zayas makes various unsupported assertions that Green violated RCW 13.34, the Juvenile Court Act. For example, Zayas alleges that the Act does not apply to her children because it does not use the terms "toddler, infant, or newborn baby" in the definition section. Dkt. No. 6 at 5. But the definition section explains that the terms "child," "juvenile,"

ORDER TO SHOW CAUSE- 3

and "youth" mean "[a]ny individual under the age of eighteen years." RCW 13.34.030(2)(a). She also alleges, without any supporting authority, that she must consent to her child being considered a juvenile dependent before her rights may be terminated. Dkt. No. 6 at 5.

## 4. ORDER TO SHOW CAUSE

In sum, Zayas's complaint fails to a state a plausible claim under Section 1983. To avoid dismissal, Zayas must provide a written response within 21 days of entry of this order, limited to 5 pages, as to why her complaint should not be dismissed.

Dated this 13th day of June, 2024.

Jamal N. Whitehead
United States District Judge